UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| OLIVER J. HIGGINS, ) | |
| ) | |
| Petitioner, ) | Civil No. 11-106-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Acting Warden, ) | **&** |
| ) | **ORDER** |
| Respondent. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Oliver J. Higgins, an individual currently incarcerated in the United States Penitentiary - McCreary ("USP-McCreary") in Pine Knot, Kentucky, has submitted a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, and has paid the requisite filing fee.  Higgins challenges the amount of jail time credit the Bureau of Prisons ("BOP") has given him on his federal sentence [R. 2], asserting claims that the BOP has violated his due process rights and his statutory rights by denying his request for additional jail time credit on his federal sentence.

The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)).  *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa.1979)*; see also* 28 U.S.C. § 2243.  The Court may summarily dismiss a petition if it appears from the face thereof that the petitioner is not entitled to relief.  *See* 28 U.S.C. §

1

2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**I.**

As grounds for his § 2241 petition, Higgins asserts that the BOP improperly denied him *credits* pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) on his federal sentence from September 9, 2005, through December 27, 2007, and that the BOP erroneously denied his request for a *nunc pro tunc* designation from December 28, 2007 through March 25, 2008. In this action, Higgins asks the Court to order the BOP to award him the requested *Willis* credits on his sentence and the requested *nunc pro tunc* designation.

In summary, this action concerns (1) the interplay of federal and state sentences, (2) determining when one is in federal custody and/or state custody, (3) determining when a consecutive federal sentence begins to run, and (4) BOP Program Statement 5880.28 ("PS 5880.28). Upon review, the Court concludes that Higgins is not entitled to any additional jail time credit and will dismiss his § 2241 petition. The rationale for this decision is set out below.

**II.**

In order to determine whether Higgins is entitled to *Willis* credits and/or a *nunc pro tunc* designation, a brief, chronological summary of his state and federal convictions and the respective sentences he has received and served is necessary. That chronology follows:

**September 9, 2005 -** Higgins states that on or about September 9, 2005, he was arrested by Tennessee state authorities and charged with various state criminal charges. However, Higgins does not state what those state charges were, and he does not provide the court with any information as to how those state charges were resolved and/or any state sentence he received as

the result of those state charges. While Higgins was in state custody on these charges, a federal detainer was lodged against him, and he remained in state custody.

**January 23, 2006 -** A federal indictment was returned against Higgins in the United States District Court for the Western District of Tennessee, Jackson Division, charging that on or about September 10, 2005, he: (1) knowingly and intentionally possessed with the intent to distribute approximately 531.8 grams of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1); (2) knowingly and intentionally possessed with the intent to distribute approximately 250.1 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) knowingly and intentionally possessed with the intent to distribute approximately 62 grams of marijuana, in violation of 21 U.S.C. § 841(a)(1); and, (4) with the intent to defraud, possessed and concealed falsely made, forged and counterfeited United States currency, in violation of 18 U.S.C. § 471. *See United States v. Oliver Higgins, No*. 1:06-CR-10004-JDT (W.D. Tenn.).

**March 10, 2006 -** Higgins was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum for his initial appearance and arraignment on the charges in the federal indictment. Higgins was arraigned on the federal charges on March 24, 2006, pled not guilty to these charges and was scheduled for trial.

**July 17, 2006 -** A superseding federal indictment was returned against Higgins in the United States District Court for the Western District of Tennessee, Jackson Division, charging him with two additional offenses: (1) being a convicted felon knowingly in possession and receipt of a firearm, in violation of 18 U.S.C. § 922(g); and (2) possession of a firearm, during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1),(2). Higgins pled not guilty to the charges in the superseding indictment and proceeded to trial. On August 9, 2007, he was found guilty on Counts 1, 2, 4, 5, and 6 of the superseding indictment.

**December 27, 2007 -** Higgins was sentenced on the federal charges and received a life sentence of imprisonment on Count 1 of the superseding indictment, a 30-year sentence on Count 2, a 20-year sentence on Count 4, and a 15-year sentence on Count 5, all to run concurrently with the life sentence imposed on Count 1.  Higgins received a 5-year, consecutive sentence on Count 6 of the superseding indictment.  All told, Higgins effectively received a life sentence plus a consecutive 5-year sentence.  The Judgment was silent as to whether the federal sentence was to run concurrently with or consecutively to the state sentence Higgins was already serving at the time of the federal sentencing.  Following sentencing, Higgins was returned to state custody.  Higgins's conviction and sentence were affirmed on appeal.  *See United States v. Higgins*, 557 F.3d 381 (6th Cir. 2009).

**March 26, 2008 -** Higgins completed serving his Tennessee state sentence and was taken into custody by the United States Marshal for service of his federal sentence.

### III.

### A.

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922).  In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns.  It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant.  *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2nd Cir. 1982).  Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad*

*prosequendum*. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) ("official detention" in 18 U.S.C. § 3585–the successor statute to § 3586–means "physical incarceration"); *Huffman v. Perez*, No. 99-6700, 2000 WL1478368 (E.D. Ky. Sept. 27, 2000) (defendant spent 26½ months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshal's Service pursuant to the writ of habeas corpus *ad prosequendum*).

In the present action, while Higgins was in the primary custody of Tennessee, he was "borrowed" from the state of Tennessee, pursuant to a writ of habeas corpus *ad prosequendum*, by the United States Marshal for purposes of appearing in federal court on various proceedings related to the federal charges. As noted above, however, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction from the state to federal authorities. Such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Higgins's case, Tennessee did not relinquish its primary custodial

jurisdiction over him to the United States.

**B.**

As pointed out in BOP PS 5880.28, prior custody time credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b). (emphasis added).

Thus, pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337; *Nguyen v. Department of Justice*, No. 97-6489, 1999 WL 96740, (6th Cir. Feb. 3,1999) (time spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). The Sixth Circuit has consistently held that if a prisoner received credit towards his state sentence for the time spent in detention, he may not also receive prior custody credit for this same time toward his federal

sentence.  *See e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 Fed. App'x 756 (6th Cir. 2002).

Consequently, Higgins is not entitled to additional credit toward his federal sentence as he has already received credit toward his state sentence from September 9, 2005, through March 25, 2008, the period of time for which he is seeking credit in his habeas petition.  Any further benefit would result in improper "double crediting," in violation of 18 U.S.C. § 3585(b).  Thus, no further custody credit is warranted.  *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for the time toward his current federal sentence.").

### C.

#### 1.

Higgins does not provide any information concerning the Tennessee state charges or the state sentence or sentences he served.[1]  Regardless of the reason, the fact remains that Higgins was in the primary custody of Tennessee and was required to serve a state sentence before he was released to federal authorities to begin service of his federal sentence.

#### 2.

On December 27, 2007, Higgins was sentenced on the federal charges.  At the time of this sentencing, Higgins was still in the primary custody of Tennessee.

---

[1] Count 5 of the superseding indictment in the federal case lists Higgins's prior state felony convictions in Tennessee; this information was the basis for Count 5.  Based on Higgins's criminal history, he may very well have been on parole or supervised release from a state court conviction on September 10, 2005, at the time he was arrested on the charges resulting in this conviction.  The commission of the present offenses would, at the least, have subjected him to a parole violation offense in Tennessee.  The fact that Higgins was arrested on September 9, 2005, on state charges, and then subsequently indicted on January 23, 2006, on federal offenses that were charged to have occurred on or about September 10, 2005, strongly suggests that the state

18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The federal court could have ordered Higgins's federal sentence to run concurrently with the non-discharged portion of his state sentence, but it did not. Instead, the court was silent on the issue of concurrent or consecutive sentences. Thus, pursuant to 18 U.S.C. § 3584(a), the federal sentence imposed on December 27, 2007, was a *consecutive* sentence. Therefore, it did not begin to run on December 27, 2007, the date it was imposed, and would never have begun to run so long as Higgins remained in state custody.

After Higgins was sentenced in the federal case, he was returned to Tennessee for continued service of his state sentence, and he remained in a Tennessee state facility until he completed service of his state sentence on or about March 26, 2008. After he had served the state sentence, on March 26, 2008, Higgins was released to federal authorities to begin service of his federal sentence.

It is well-established that a federal prisoner is not entitled to receive credit against a consecutive federal sentence for time served under the primary jurisdiction of a state authority, regardless of whether he was housed in a federal facility or a state facility. Title 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the prisoner has received credit towards another sentence. The general rule is that no credit is applied to a federal sentence if credit has been given for the same period of custody towards a state sentence. *See Wilson*, 503 U.S. at 333-35 ("Congress has made clear that a defendant could not receive double credit for his detention time.").

---

of Tennessee elected to defer prosecution on the state charges in lieu of Higgins being prosecuted in federal court for the same charges that were also federal offenses.

8

As Harrell Watts, Administrator, National Inmate Appeals, explained to Higgins in responding to Higgins' appeal of Administrative Remedy No. 564405-A1:

> A review of your record reveals that at the time your federal sentence was imposed, you were in the service of a Tennessee State sentence. You were produced in federal court pursuant to a writ, and after sentencing, you were returned to Tennessee authorities to complete their service. At the time of production, you were in the primary custody of the State of Tennessee. Production under a Writ does not cause a change in primary custody. Because the federal Judgment and Commitment order is silent in regard to its relationship to any other sentence, the Bureau of Prisons interprets this as a consecutive sentence. Your federal sentence has been calculated to commence on March 26, 2008, the date you completed the state sentence. Federal statute prohibits the Bureau from awarding credit for the time you are requesting, as it was time spent in the service of your state sentence. Your sentence has been computed as directed by federal statute, and Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).
>
> As a result of the decision in Barden v. Keohane, the Bureau considers an inmate's request for prior custody credit for time spent in state custody, as a request for *nunc pro tunc* designation. In accordance with Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, a designation effecting concurrent service of state and federal sentences is made only when it is consistent with the intent of the sentencing federal court or the goals of the criminal justice system.
>
> Upon review of your file, it was determined that commencement of your federal sentence by way of a concurrent designation is not consistent with Bureau of Prisons policy or federal statute. Based upon this information, your federal sentence was appropriately calculated as consecutive to the state term.

*See* Exhibit P-6 to habeas petition [R. 2].

### IV.

The fatal flaw in Higgins's claim is that he fails to understand that (1) he was in state custody on December 27, 2007, the date the federal sentence was imposed, and (2) since the federal sentence was a consecutive sentence, it would not have commenced until he was released from state custody. Higgins is not entitled to any additional credit on his federal sentence because all of the time for which he seeks credit was properly credited to the service of his

Tennessee sentence.

For the foregoing reasons, Higgins's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by Oliver Higgins for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

3. Judgment shall be entered contemporaneously with this Order in favor of Warden J. Ray Ormond, the named Respondent.

This, the 29th of November, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge